THE STATE, WALTER McCORKLE, PROSECUTOR, v. COMMON COUNCIL OF OCEAN CITY ET AL.

Submitted December 3, 1909—Decided January 31, 1910.

The ordinance of June 21st, 1909, providing for the appointment of life guards to patrol the beach and protect life, is a legitimate exercise of the police power conferred upon Ocean City by its charter.

On *certiorari.*

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Apgar & Boswell.*

For the defendants, *Albert A. Howell.*

The opinion of the court was delivered by

MINTURN, J. The common council of Ocean City, on the 21st day of June, 1909, adopted an ordinance to provide "for the election of life guards, defining their duties and providing for their compensation," under which eleven guards were appointed to "patrol the beach or ocean front and give advice to and warn the bathers of any danger; man the life boats and aid and assist any person in danger on the beach, or in the waters of the ocean or elsewhere."

The writ of *certiorari* in the case brings before us for review the appointment of the eleven life guards, upon the ground, substantially, that the exercise of this power by the common council was not in furtherance of any express power contained in the charter of, or any law applicable to, Ocean City, and therefore is *ultra vires.*

It is to be observed at the outset, that these appointees are not within the category of city officials with a term of office, but are simply employes who may be discharged at any time.

The agreed state of facts in the case concedes that it is necessary for the protection of life and health to have life guards on the beach front of Ocean City; and the charter (*Pamph. L.* 1897, *p.* 46) provides, *inter alia* (section 19), that the common council shall have power to make and establish ordinances, rules, regulations and by-laws "as they may deem necessary and proper for the good government, order, protection of persons and property and the preservation of the public health and prosperity of said city."

It is difficult to avoid the conclusion, in view of this concession of the parties, and the legislative mandate, that the common council shall be required to protect "persons and property," that this exercise of power was not only a compliance with the provisions of the charter, but that, in the presence of the power, the absence of its exercise in an ocean city such as this, might be considered reprehensible. The grant of power contained in this charter is sufficient in scope and meaning to support this ordinance as the legitimate exercise of the police power contained within the terms "protection of persons and property." *Lochner* v. *New York,* 198

*U. S.* 45; *Camfield* v. *United States,* 167 *Id.* 518; *Weil* v. *Ricord,* 9 *C. E. Gr.* 169.

Conjoined with this express delegation of power is that rule of municipal law, based upon necessary public policy, and the fundamental maxim *Salus populi suprema lex,* which maintains "that the safety of life, limb and property, being one of the prime objects of municipal incorporation, all appropriate regulations tending to promote this object are within the police power delegated to a municipality." 28 *Cyc.* 705, and cases cited.

Having concluded that the other reasons assigned are without substance, we conclude that this writ should be dismissed.